UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Electronically Filed

UNITED STATES OF AMERICA                                                                        PLAINTIFF

v.                                                                Criminal Action No. 3:21-CR-127-CHB

DEVONZO SUMMERS., et al.                                                                       DEFENDANTS

**Motion to Dismiss Indictment Count Three (3)**

Pursuant to Criminal Rules 12(b)(3)(B)(v) and 51(b), Defendant, Devonzo Summers, by counsel, moves the Court to enter his proposed Order that dismisses Count 3 of the Indictment. As grounds, Defendant states that the statute upon which Count 3 is ostensibly based, 18 USC §924(c)(1)(A), conflicts with the 2nd Amendment of the Constitution and is, therefore, void *ab initio*.

In *New York State Rifle & Pistol Association, Inc. v. Bruen*, ___ U. S. ___, 142 S. Ct. 2111(6/23/22), [1] the Supreme Court rejected the long-established practice of balancing the individual's Second Amendment rights against the power of the government to regulate perceived dangerous conduct. On page 2126, the Court held that

> [o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's

---

[1] Hereafter referred to as "*Bruen*." Citations are to the Supreme Court Reporter version of the Opinion.

> conduct falls outside the Second Amendment's 'unqualified command.'"

Rather than use the more familiar "means-ends" mode of analysis, the Court held that "*the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.*" [p. 2127].

Count 3 of the Indictment charges Mr. Summers with violating 18 USC §924(c)(1)(A), the possession in furtherance of drug trafficking statute. Nothing in *Bruen* exempts federal criminal firearms regulations from the analysis stated above. Under *Bruen*, when an affected individual raises the question of a 2nd Amendment violation, the burden of going forward and the ultimate burden of persuasion are placed on the author of the regulation. Mr. Summers states that the statute under which he is charged violates the Second Amendment because it makes no exception for possession of a firearm for the purpose of self-defense. The government must show the Court that Section 924(c)(1)(A) can be squared with the 2nd Amendment. It will not be able to satisfy its burden of persuasion.

*Defining Federal Crimes*,[2] a leading casebook on federal criminal law, contains an excellent *precis* of the history of Congressional criminal legislation: "[t]here is no evidence that any of the Constitution's Framers thought about

---

[2] Bachman, Stith and Stuntz, *Defining Federal Crimes*, 2nd Edition (Wolters Kluwer, 2019).

criminal law when drafting the Commerce Clause." [p. 28]. The authors also concluded that

> "[t]he Framers of the Constitution did not envision that the federal government would play much of a role in criminal enforcement. To the extent that they contemplated substantive federal criminal law at all, discussions centered on piracy, crimes against the law of nations, treason, and counterfeiting. The document they produced made no effort to give the federal government general police powers of the sort states exercised." [p. 27].

Nothing in any subsequent Amendment indicates an intent to alter the original understanding of the limited powers of Congress as to crime. Rather, the 2nd Amendment was ratified in 1791 expressly to limit the power of Congress by retaining for every individual the right to keep and bear arms for self-defense.

Indictment Count 3 alleges that Mr. Summers "knowingly possessed a firearm . . . in furtherance of a drug trafficking crime" over which this Court would have jurisdiction. Section 924(c)(1)(A), the statute that is the putative basis for prosecution, is not ambiguous.  If "during and in relation to" any federal "drug trafficking crime" a person "in furtherance of any such crime, possesses a firearm," that person violates the statute. The essence of the offense is possession "in furtherance," that is, with the purpose advancing or promoting the crime. *Black's Law Dictionary*, 6th Ed., "furtherance," p. 675 (1990). Under a fair reading of this language, the government must convince a jury, beyond a reasonable doubt, that this was *the* purpose of possession.

But in *U. S. v. Frederick*, 406 F. 3d 754 (6th Cir. 2005), the court noted that furtherance of a drug trafficking crime need not be "the only reason" that a person possesses a firearm. Rather, the offense can be proved by showing that furtherance was one reason among others. [p. 759].

*U. S. v. Maya*, 966 F. 3d 493 (6th Cir., 2020), while not expressly overruling *Frederick*, appeared to return to a plain language reading. The court held that the statute asks a single question "Why did a person possess a gun?" [p. 500]. It further noted that "Defendants do not commit the offense, by contrast, if they possess the gun for an 'innocent' purpose -such as for 'hunting' or as a wall-mounted antique." [p. 500].

The interpretive [3] case law is unsettled, to say the least. Neither *Frederick* nor *Maya* explicitly discussed the inherent right to possess a firearm in the home or on the person for self-defense. Neither considers how that right modifies existing statutes and case precedents.

In *District of Columbia v. Heller*, 554 U. S. 570 (2008), and *McDonald v. City of Chicago*, 561 U. S. 742 (2010), the Supreme Court unequivocally held that self-defense is the central component of the right to keep and bear arms. *McDonald*, p. 787. The Court emphasized that "[i]n *Heller*, we held that the Second Amendment protects the right to possess a handgun in the home for

---

[3] And unjustifiable in light of the statute's unambiguous language.

purposes of self-defense." *McDonald*, p. 791. This change, plus the recent opinion of the Supreme Court in *Bruen*, requires reconsideration of §924(c)(1)(A) and of the cases that interpret it. *Lindenbaum v. Realgy, LLC,* 13 F. 4th 524, 528 (6th Cir., 2021).

*Bruen* holds that the 2nd and 14th Amendments "protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." It also protects the right to carry a weapon for that purpose outside the home. 142 S. Ct., p. 2122.

*Bruen* imposes on the government a duty to "affirmatively prove that its firearms regulation is part of a historical tradition that determines the outer bounds of the right to keep and bear arms." [p. 2127]. In this case, the United States must show the Court that prosecution of a person "who, in furtherance of any [drug trafficking crime] possesses a firearm," can be squared with the central purpose of the 2nd and 14th Amendments, possession of a firearm for individual self-defense.

Defendant's argument is simple. Possession of a firearm for self-defense is an innocent purpose. *Maya*, p. 500. It is the central purpose of the 2nd Amendment. *Bruen*, p. 2133. *Maya* says that possession for innocent purposes does not fall under the proscription of Section 924(c)(1)(A). Mere involvement in a drug trafficking scheme does not constitute a waiver of the 2nd Amendment right of self-

5

defense in the home or on the street and the concomitant right to possess a firearm for that purpose. In any event, waiver cannot be imposed by Congressional fiat.

Section 924(c)(1)(A) must be revised to protect the 2nd Amendment right of self-defense. Under Article I, Section 1, that power belongs to Congress alone. Until the statute is fixed, it must be declared void. *Realgy*, p. 528. Because a void statute cannot be the basis of a legitimate criminal prosecution, Count 3 must be dismissed.

Respectfully submitted,

/s/ David A. Lambertus
DAVID A. LAMBERTUS
600 W. Main Street, Suite 300
Louisville, KY 40202
502-589-6190
Counsel for Defendant Devonzo Summers

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ David A. Lambertus
DAVID A. LAMBERTUS